[L. A. No. 10986. In Bank.—March 24, 1931.]

SECURITY TRUST AND SAVINGS BANK, Appellant, v. D. L. QUICK, Respondent.

Robert G. Hill for Appellant.

No appearance for Respondent.

THE COURT.—This appeal is from a judgment of the Superior Court of Imperial County, in favor of the defendant and respondent in an action brought by the plaintiff upon a promissory note executed by the defendant to the First National Bank of Seeley, on January 4, 1921, for the sum of $1320, with interest, payable on June 4, 1921, and which note after maturity had been assigned to the plaintiff herein. The action was commenced on June 11, 1925, to recover a balance alleged to be due on said note, with interest at ten per cent per annum, and for the foreclosure of a chattel mortgage upon certain cattle and horses given by

the defendant to secure the same. The plaintiff alleged in its complaint that on November 19, 1924, the defendant acknowledged that the promissory note sued on therein was a subsisting indebtedness against him. The defendant demurred to the complaint upon the ground that it appeared upon the face thereof that the action was barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure. The court overruled the demurrer, whereupon the defendant answered, denying liability on the note, and setting up several defenses thereto, including that of the statute of limitations which had theretofore been asserted by him in his demurrer. Upon the trial of the cause the plaintiff introduced a letter which the defendant admitted having written on November 19, 1924, to the attorney for the plaintiff, and which read as follows:.

"Niland, California, Nov. 19, 1924.

"Mr. Robert G. Hill,

"El Centro, Calif.

"Your letter received. Will say in reply that the stock that the First National Bank that Seeley had a mortgage on I left them on pasture in the Paliverda Valley near Blythe in June, 1922, where they are now I do not know. I informed the bank at Seeley and the bank in Los Angeles that I could not keep them any longer as I had no money, feed was very high and I had to go to work for wages to make a living for my family and self. Neither bank made no reply I have been informed that they were sold some time ago for pasture bill I came back here to this valley June 10th, 1922, have been here ever since.

"The First National Bank of Seeley is holding a judgment of mine which I got against the Harris brothers for $600.00 cost and attorney fee which amounts to almost $900.00 which they refuse to sign over to me it did not belong to them any more than it did to you or any other man unknown in the matter. My attorney Harry Horton can tell you all about it. I also turned over six bales of cotton whether I ever received any credit for any of this I don't know. I would be very glad to see you and talk this matter over for I feel like that I have not had a square deal.

"Very respectfully yours,

"D. L. QUICK."

■ It was this letter upon which the plaintiff relied to defeat defendant's plea of the statute of limitations. Upon the submission of the cause the trial court made its findings of fact and conclusions of law wherein it found and concluded that the foregoing letter did not constitute such an acknowledgment in writing of the existence of the obligation and of a subsisting indebtedness against him thereon as would serve to relieve plaintiff of the operation of the statute of limitations. It accordingly rendered judgment in defendant's favor upon the ground, among others, that the plaintiff's cause of action was barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure. Plaintiff has appealed from said judgment and has filed its opening brief herein. Respondent has filed no brief in reply and has made no response to an order to show cause.

The record herein consists solely of the judgment-roll and letter which is above set forth. We are satisfied with the findings and conclusions of the trial court with reference to the effect of said letter. The letter purports to be a response to a letter written by the plaintiff's attorney, presumably demanding payment of the note. The letter contains a series of complaints against the Bank of Seeley for its unfair treatment of him with relation to the properties and securities which it held and which should have been applied to the payment of said note. The letter closes with the statement: "I would be very glad to see you and talk this matter over with you, for I feel like that I have not had a square deal." We are satisfied that such a letter could not reasonably be interpreted as containing such an unequivocal recognition of an existing indebtedness as would serve to stay the running of the statute of limitations. This is the conclusion which the trial court arrived at and the authorities cited by the appellant in its opening brief do not, in our opinion, suffice to overthrow that conclusion or to justify a reversal of the judgment of the trial court based thereon.

It follows that the judgment must be affirmed and it is so ordered.